FILED IN OPEN COURT
ON 3-24-2014
Julie A. Richards, Clerk
US District Court
Eastern District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-245-D

| | | |
|---|---|---|
| JESSICA LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Jessica Lynch ("Lynch" or "plaintiff") challenges the final decision of Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying her application for social security benefits. Lynch moved for judgment on the pleadings [D.E. 17] and filed a memorandum in support [D.E. 18], and the Commissioner moved for judgment on the pleadings [D.E. 23] and filed a memorandum in support [D.E. 24]. On March 24, 2014, the court held oral argument.

Lynch received SSI benefits as a child, but due to a redetermination upon reaching age 18, she was found to be no longer disabled as of December 1, 2006, and her benefits were terminated. On May 5, 2006, Lynch applied for disability benefits, alleging disability beginning March 1, 1998. The Social Security Administration ("SSA") denied her claim initially and upon reconsideration. Lynch also sought reconsideration of the termination of her SSI benefits she received as a child. The SSA upheld the termination of benefits. On November 18, 2008, a hearing was held before an ALJ. On March 9, 2009, the ALJ denied Lynch's request for benefits. On July 7, 2010, the Appeals Council granted Lynch's request for review, vacated the ALJ's decision, and remanded the case for further consideration.

On November 16, 2010, a hearing was held before an ALJ and Lynch requested a closed period of benefits ending June 2, 2009. On January 20, 2011, the ALJ issued a decision denying Lynch's request for benefits. Transcript of Proceedings ("Tr.") 19–34. Lynch timely sought review with the Appeals Council, to no avail. Lynch timely sought judicial review. See 42 U.S.C. § 405(g).

In reviewing the Commissioner's denial of benefits, a district court is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See id.; Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla of evidence but may be somewhat less than a preponderance. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012); Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). When reviewing for substantial evidence, the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927(d)(2). To determine whether a decision is supported by substantial evidence, the court must determine whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

In evaluating disability claims, the Commissioner follows a familiar five-step process. The Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to the claimant's past relevant work; and (5) if not, could perform any other work in the national economy. See 20 C.F.R. § 416.920(a)(4). The claimant has the burden of production and proof in steps one through four. See Hunter v. Sullivan, 993 F.2d 31,

2

Case 4:12-cv-00245-D   Document 32   Filed 03/24/14   Page 2 of 3

35 (4th Cir. 1992). If the process reaches the fifth step, the Commissioner has the burden of proving that the claimant, despite impairments, can perform a job that exists in significant numbers in the national economy. See id.; Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

In sum, as explained in open court and incorporated herein by reference, the court GRANTS the Commissioner's motion for judgment on the pleadings [D.E. 23], DENIES Lynch's motion for judgment on the pleadings [D.E. 17], and AFFIRMS the Commissioner's final decision. The clerk shall close the case.

SO ORDERED. This **24** day of March 2014.

JAMES C. DEVER III
Chief United States District Judge